Leslie **BERL** and Frederick L. Anderson, Sr., Plaintiffs–Appellants,

v.

**COUNTY OF WESTCHESTER,** Defendant–Appellee.

**No. 855, Docket 87–7945.**

United States Court of Appeals, Second Circuit.

Argued March 15, 1988.
Decided June 8, 1988.

Robert David Goodstein, New Rochelle, N.Y. (Eileen West, Goodstein & West, New Rochelle, N.Y., of counsel), for plaintiffs-appellants.

Carol L. Van Scoyoc, White Plains, N.Y., Asst. Co. Atty. of Westchester County (Henry J. Logan, Westchester Co. Atty., of counsel), for defendant-appellee.

Before PRATT, and MINER, Circuit Judges and JOHN M. WALKER, District Judge of the Southern District of New York, sitting by designation.

GEORGE C. PRATT, Circuit Judge:

Plaintiffs Leslie Berl and Fredrick L. Anderson, Sr. appeal from a judgment entered in the United States District Court for the Southern District of New York, after a bench trial before Louis L. Stanton, *Judge*, dismissing their claims brought under Title VII and 42 U.S.C. § 1983. 669 F.Supp. 625. Plaintiffs claimed that the County of Westchester, New York ("the county") discriminated against them when, on the basis of gender, it refused to consider them for promotion at its women's correctional facility. The trial court found that, because plaintiffs were considered and rejected for promotion at the men's correctional facility during substantially the same period of time that the promotions at the women's facility were made, the county's refusal to promote plaintiffs was based, not solely on gender, but also on a legitimate finding that they were unqualified for increased responsibility.

On appeal, plaintiffs argue that because they were never considered for the openings at the women's facility, nor compared and evaluated against the women who ultimately did receive the promotions, the district court's finding that they were unqualified is clearly erroneous. We agree and reverse.

## BACKGROUND

The county's correctional facility at Valhalla, New York, is divided into two units: one for male prisoners, staffed exclusively with male correction officers, and one for female prisoners, staffed exclusively with female correction officers. The county does not consider males for promotion at the female unit, nor does it consider females for promotion at the male unit.

Under New York law, a correction officer at the facility who desires to be considered for promotion must first take the state civil service examination. New York Civil Service Law § 50 (McKinney 1983). The county uses the scores from this examination to create two different lists: one ranking all male candidates, and one ranking all female candidates. In each unit, only the top three candidates on the promotion list are eligible (or "reachable") for consideration when a sergeant position becomes available. New York Civil Service Law § 61(1) (McKinney 1983). Only if the promotion list is "exhausted"—that is, if the county interviews and evaluates all of the candidates and finds each unqualified—can it provisionally designate some other correction officer to fill a vacant sergeant

position. New York Civil Service Law § 65 (McKinney 1983).

Leslie Berl and Frederick L. Anderson, Sr. are male correction officers employed by the county at the Valhalla correctional facility. On April 19, 1980, in anticipation of several new openings for correction-officer sergeant, both officers took civil service examination 70–338. Although both received a final score higher than that of any female correction officer who took the exam, when compared against the scores of other male correction officers, plaintiffs' marks placed them well down the county's promotion list for its male unit.

It was not until over four years later, on May 21, 1984, that Berl and Anderson became "reachable" for promotion at the male unit. In anticipation thereof, on April 25, 1984, the county department of correction invited plaintiffs to appear before the promotion board to be interviewed. After these interviews, members of the board unanimously agreed that although Berl and Anderson might be promotable in the future, neither possessed then the leadership qualities necessary for immediate advancement. Thereafter, plaintiffs remained at the top of the promotion list until the county created a superseding list on October 23, 1984, based on the results of a more recent civil service examination. Plaintiffs took this later exam, but neither officer scored high enough to retain his previous position on the promotion list.

Meanwhile, by February 13, 1984, the county had exhausted its promotion list for the women's unit. As a consequence, on that date it provisionally promoted to sergeant a female correction officer who had not met the normal requirements for advancement. Likewise, on August 13, 1984, because there were still no qualified female candidates for permanent promotion, the county provisionally appointed another female officer to sergeant.

In June of 1984, Berl and Anderson filed a complaint with the Equal Employment Opportunity Commission. After receiving a notice of right to sue, plaintiffs commenced this action in federal district court alleging that the county, in refusing to consider and ultimately promote them to sergeant at the women's unit, had deprived them of employment opportunities in violation of 42 U.S.C. § 2000e and 42 U.S.C. § 1983. By stipulation, the county waived any defense of bona fide occupational qualification.

After a bench trial, the district court dismissed the complaint, holding that the county had not infringed on plaintiffs' employment rights under Title VII or § 1983. Relying on the "dual motivation/same decision" test in *Mt. Healthy City School District v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), the court determined that the county's policy of considering only females for promotion at the female unit did not conclusively establish that the county unlawfully discriminated against Anderson and Berl. Specifically, the court, taking into account the stipulated facts, found (1) that the county had recently interviewed Anderson and Berl for the position of correction-officer sergeant at the male unit, and (2) that the county had not promoted plaintiffs to permanent sergeant positions in that unit because of their questionable leadership abilities. This latter finding was sufficient, the court concluded, to satisfy the defendant's burden under the second prong of *Mt. Healthy;* that is, the county had shown that, absent any discriminatory motive, it would still have refused to promote plaintiffs to sergeant at the female unit.

This appeal followed.

## DISCUSSION

■ Under the "dual motivation/same decision" test, applicable in both Title VII and § 1983 actions, *see East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977); *Mt. Healthy City School District v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed. 2d 471 (1977), the plaintiff carries the initial burden of proving that a discriminatory motive played a substantial part in an employer's decision not to hire or promote. *See, e.g., International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 369 n. 53, 97 S.Ct. 1843, 1872, n. 53, 52

L.Ed.2d 396 (1977); *Mt. Healthy*, 429 U.S. at 287, 97 S.Ct. at 576. Thereafter, the burden shifts to defendant to show that it would not have hired or promoted plaintiff even in the absence of the discriminatory conduct. *See Rodriguez*, 431 U.S. at 403 n. 9, 97 S.Ct. at 1896 n. 9; *Mt. Healthy*, 429 U.S. at 287, 97 S.Ct. at 576. In other words, the *"Mt. Healthy* test" requires that "once the employee proves that the illegitimate reason played a part in the employer's motivation, the employer loses unless the employer can persuade the factfinder that the adverse action would have been taken even in the absence of the illegitimate reason." *Davis v. State University of New York*, 802 F.2d 638, 644 (2d Cir.1986) (Newman, C.J., concurring).

■ In this case, the district court found that plaintiffs made out a prima facie case of gender discrimination under both Title VII and § 1983. Berl and Anderson presented direct and uncontradicted evidence, in the form of a stipulation by the county, stating that it refused to promote any male, regardless of experience or qualification, to a sergeant position at the female unit. Consequently, the only remaining issue before the district court, and the only real issue on appeal here, is whether the county proved that, absent its discriminatory policy, it would still have refused to promote plaintiffs to sergeant at the female unit.

We recognize that this question, resolved by the district court in favor of the county, is factual in nature. *See Pullman–Standard v. Swint*, 456 U.S. 273, 285–93, 102 S.Ct. 1781, 1788–92, 72 L.Ed.2d 66 (1982). It is therefore subject to the clearly erroneous standard of Fed.R.Civ.P. 52(a); we may overturn it only if we are left "with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). Acknowledging this high standard, we nevertheless hold that the district court's finding is clearly erroneous.

■ Initially, we note that the record below is devoid of any direct evidence showing that plaintiffs were unqualified for a position *at the female unit*. The county presented no evidence that it had ever evaluated Berl and Anderson for a position at that unit, or that it had compared their qualifications with those of the women who received promotions there. Indeed, by stipulating that it had refused to consider plaintiffs for promotion at the female unit, the county effectively conceded that it had no direct proof as to whether plaintiffs were qualified for promotion there.

Instead, the county submitted, and the district court found sufficient, evidence indicating that plaintiffs were unqualified for promotion *at the male unit*. Defendant then successfully argued that if plaintiffs were unfit for promotion at the male unit, they were also unfit for promotion at the female unit. We do not agree.

To be sure, the record contains substantial evidence that plaintiffs were unqualified for promotion at the male unit. The promotion board specifically found that plaintiffs were "middle of the road"; that they "[d]id not present a forceful image"; and that they evidenced a "follower" attitude. Significantly however, these observations are, by their very nature, comparative; they only address the issue of whether plaintiffs were qualified, *as compared to other male candidates*, for promotion at the male unit. They give no indication of plaintiffs' qualifications when compared to those of the candidates being considered for promotion at the female unit. Thus, although Berl and Anderson were "middle of the road" among candidates for promotion at the male unit, we may not conclude that they would have been "middle of the road" among candidates for promotion at the female unit. Similarly, it is impossible to ascertain whether plaintiffs, because they were considered "followers" among the male candidates, also would have been classified as "followers" when compared to the female candidates.

Evaluation does not occur in a vacuum. By definition, when evaluating a candidate to fill a vacant position, one compares that candidate against other eligible candidates and against those who have been appointed

to that position in the past. It is impossible —and impermissible so far as the *Mt. Healthy* burden is concerned—to stretch the process by attempting to determine where a specific candidate in one promotion group might rank in another, totally independent group.

A contrary holding would effectively permit the county to "strike out" Berl and Anderson without ever allowing them in the batter's box. In this instance, in refusing to promote plaintiffs to sergeant at the female unit, the county discriminated against Berl and Anderson based solely on their gender and without showing any bona fide occupational qualification. It then avoided liability, not by proving that plaintiffs were legitimately unqualified for promotion at the female unit, but by showing that they were unqualified for a position at a different correctional unit, with totally different candidates for promotion, during a substantially different period of time. This goes too far.

To summarize, we hold that the district court's finding is clearly erroneous because it is not supported by any evidence showing that plaintiffs were unqualified for promotion at the female unit. Proof that the county found plaintiffs unqualified for promotion at the male unit is insufficient, because that determination was inherently directed to evaluating and ranking only those candidates appearing on the male list. It provided no insight as to how any of the male candidates would have been ranked when compared to those on the female list.

As a result of this analysis, and in light of the county's stipulation that it refused to consider plaintiffs for promotion at the female unit (and thus had no direct evidence as to whether plaintiffs were qualified for promotion there), we conclude that defendant did not, and indeed could not, meet its burden under the second prong of *Mt. Healthy*. Thus, this is an instance where "the record permits only one resolution of the factual issue." *Pullman–Standard v. Swint,* 456 U.S. 273, 292, 102 S.Ct. 1781, 1792, 72 L.Ed.2d 66 (1982). We therefore hold that because plaintiff established a prima facie case of gender discrim-

ination, and because defendant failed to meet its burden in proving that plaintiffs were otherwise unqualified for promotion at the female unit, defendant is liable under both Title VII and § 1983. The case is remanded to the district court for a determination of appropriate relief.

Reversed and remanded.